```
Law Offices Of P. Randall Noah
P. Randall Noah, SBN 136452
21 Orinda Way, Suite C, #316
Orinda, CA 94563
Tel. (925) 253-5540
Fac. (925) 253-5542
Email: pnoah@ix.netcom.com
Attorney for Plaintiff,
David Tippitt
```

UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TIPPITT,<br><br>           Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF<br>NORTH AMERICA,<br><br>           Defendant.<br>_____/ | CASE NO.<br><br>COMPLAINT<br>29 USC §1132(a)(1)(B) |

PLAINTIFF, DAVID TIPPITT, ALLEGES AS FOLLOWS:

**JURISDICTION**

   1.   This action arises under the Employee Retirement Income Security Act of 1974, 29 USC §§1001 et seq., and more particularly 29 USC §1132(a)(1)(B) thereof.  This court has jurisdiction under 29 USC §1132(f), which grants to the federal courts concurrent jurisdiction to determine claims under 29 USC §§1001 et seq.

   2.   Venue is proper under 29 USC §1132(g) in that the defendant, Life Insurance Company Of North America

("LINA"), does business within the jurisdiction of the United States District Court, Northern District Of California.

3. Plaintiff is a resident of Brentwood, California.

4. Plaintiff is informed and believes that Defendant, Life Insurance Company of North America (hereinafter "LINA"), was and is a Pennsylvania corporation, with its principal place of business in Philadelphia, Pennsylvania.

**ALLEGATIONS CONCERNING RELIEF SOUGHT**

5. By February, 2013, Mr. David Tippitt (age 61 now), was experiencing such fatigue, pain and effects from cirrhosis, hepatocellular carcinoma, hepatitis C, renal cancer, chronic kidney disease stage III, diabetes, kidney cancer and a prior unilateral nephrectomy, esophageal varices, hyperlipidimeia, hypertension, cardiac catheterization, anemia, gastritis, partial hepatectomy, right nephrectomy for renal cell carcinoma and lobectomies for hepatocellular carcinoma (and the effect of the large number of medications required to stabilize his condition) that he could no longer continue in his occupation as a Process Operations Shift Supervisor at Tesoro Corporation (an oil refinery) in Martinez, California, as confirmed by his treating physicians.  No return to work date has ever

Complaint

been determined by any treating doctor due to a required liver transplant, performed at UCSF at the end of 2014. Mr. Tippitt's liver no longer functioned to a degree that would sustain life.  He required a liver transplant, which was done.  The liver cancer and liver disease stems from Hepatitis C, which was contracted while serving as a medic in the U.S. Army.  Extreme fatigue and weakness are well-documented side effects and symptoms of liver disease/failure, exactly as happened to Mr. Tippitt.  The liver transplant does not alleviate all symptoms.  While the liver transplant has not been rejected, all other conditions, including the neuropathy and fatigue continue. His doctors will not release him to work.  The Soc. Sec. Admin. continues to confirm Mr. Tippitt cannot work in any occupation, just as defendant had found for three years under the own occupation definition of disability.  Now LINA claims Mr. Tippitt can be employed full time as a superintendent of a generating plant or a superintendent of measurement, and accordingly terminated his disability insurance benefits.  Mr. Tippitt appealed the denial of benefits and that appeal has been effectively denied by defendant's failure to make a determination on the appeal in a timely manner.

Complaint

6.  When plaintiff was found disabled from his employment at Tesoro by his doctors, there was in existence for all Tesoro employees, including the plaintiff, a long term disability insurance plan through LINA, and administered by LINA.

7.  The long-term disability insurance plan was to provide disability payments to any employee covered by the plan, including plaintiff, who suffered a total disability, as defined by the plan.

8.  Plaintiff's liver failure and other conditions stated above led to a total disability from his occupation as an oil refinery Operations Supervisor, as determined by his medical doctors, and he applied for benefits under the long term disability insurance plan administered by defendant.  Plaintiff's application for benefits was based on the opinion of plaintiff's treating physician that he could not return to work in his former occupation, and subsequently, any occupation, due to severe limitations, fatigue and pain associated with his many medical conditions listed above, as found by the Social Security Administration.

9.  Plaintiff's personal physician believed that plaintiff was in fact disabled from returning to work as an

Operations Supervisor and any other job which would require physical activity with long periods of standing, computer and keyboard work, high cognitive functioning, and nearly any physical activity without frequent rest.

    10.   Plaintiff accordingly applied for benefits under defendant's long term disability plan.  Long-term disability benefits were granted for three years, and then denied due to defendant's opinion that the plaintiff's medical conditions, pain, symptoms, fatigue and effect of medications were not severe enough to prevent plaintiff from returning to full time work.  Plaintiff appealed defendant's decision in accord with the requirements of his policy.  The appeal was denied by defendant through their failure to make any determination on the appeal.  The administrative appeals have been exhausted.

    11.   The relevant portions of the LINA long-term disability insurance policy read as follows:
"The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is 1. unable to perform the material duties of his or her Regular Occupation; and 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation. After Disability Benefits have been payable for 36 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is: 1. unable to perform the material

duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and 2. unable to earn 80% or more of his or her Indexed Earnings."

    12.  Defendant breached its obligation under the long-term disability plan by denying plaintiff's disability payments when plaintiff met all of the above criteria, which set forth eligibility.  Defendant arbitrarily and unreasonably relied on retained consultants' opinions as opposed to plaintiff's own statements and treating doctors' opinions.

    13.  Plaintiff at all times herein mentioned has performed all the terms and conditions of the LINA's long term disability plan on his part to be performed.

    14.  As a proximate result of defendant's failure and refusal to perform its obligations under the long term disability plan, plaintiff has been compelled to retain counsel to protect his rights under the plan, incurring legal fees and costs that are recoverable pursuant to 29 USC
§1145.

    WHEREFORE, plaintiff prays judgment against defendant as follows:

    1.  For compensatory damages;

    2.  For costs of suit herein;

3. For reasonable attorney fees paid by plaintiff pursuant to 29 USC §1145;

4. For prejudgment interest on all back benefits;

5. For such other and further relief as the court may deem proper.


DATED: January 10, 2017     Law Offices Of P. Randall Noah

                By: /s/ P. Randall Noah
                P. Randall Noah
                Attorney for Plaintiff, David Tippitt

7